Todd M. Friedman (216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St. Suite 780,
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
**Attorneys for Plaintiff**

*Attorneys for Plaintiff, Larry Maestas*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY MAESTAS, individually, and on behalf of all others similarly situated,

Plaintiffs,

vs.

WAL-MART STORES, INC.,

Defendant.

Case No. 2:16-cv-02597-KJM-KJN

**OPPOSITION TO MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Date: March 24, 2017
Time: 10:00 a.m.
Crtrm: 3

## TABLE OF CONTENTS


**I. INTRODUCTION ........................................................................................ 1**

**II. PROCEDURAL HISTORY ........................................................................ 2**

**III. RELEVANT FACTUAL ALLEGATIONS FROM FAC ......................... 3**

**IV. LEGAL STANDARD .................................................................................. 4**

**V. LEGAL ARGUMENT .................................................................................. 6**

**A. DEFENDANT'S REJECTION OF PLAINTIFF'S NATIONWIDE CLASS CLAIMS ARE PREMATURE .................. 6**

**B. PLAINTIFF HAS STANDING TO BRING CLAIMS ON BEHALF OF ALL THOSE THAT PURCHASED FALSELY ADVERTISED BATTERIES FROM DEFENDANT ....................... 9**

**VI. CONCLUSION ........................................................................................ 14**

# <u>TABLE OF AUTHORITIES</u>

## CASES

*Allen v. Wright*, 468 U.S. 737 (1984) ........ 9

*Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334 (N.D. Cal. Apr. 18, 2011) ........ 7

*Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000 (N.D. Cal. 2012) ........ 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 4

*Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766 (N.D. Cal. July 20, 2012) ........ 11, 13

*Balistreri v. Pacifica Police Dept.*, 901 F.2d 696 (9th Cir. 1990) ........ 5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 4

*Branca v. Nordstrom, Inc.*, 2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) ........ 12, 13

*Brazil v. Dole Food Co.*, 2013 WL 5312418 (N.D. Cal. Sept. 23, 2013) ........ 11

*Bruton v. Gerber Prods. Co.*, 2014 WL 172111 (N.D. Cal. Jan. 15, 2014) ........ 11

*Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047 (9th Cir. 2011) ........ 4

*Cahill v. Liberty Mutual Ins. Co.*, 80 F. 3d 336 (9th Cir. 1996) ........ 5

*Cal. Dept. of Toxic Substances Control v. Alco Pacific*, 217 F. Supp. 2d 1028 (C.D. Cal. 2002) ........ 5, 6

*Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984 (E.D. Cal. 2012) ........ 11

*Chen-Oster v. Goldman, Sachs & Co.*, 2012 U.S. Dist. LEXIS 12961 (S.D.N.Y. Jan. 19, 2012) ........ 8

*Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220 (C.D.

Cal. 2011) .......................................................................................... 7, 8
*Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564 (N.D. Cal. 2013) .................... 11
*Clerkin v. MyLife.com, Inc.*, 2011 U.S. Dist. LEXIS 96735 (N.D. Cal. Aug. 29, 2011) .......................................................................... 8
*Cole v. Asurion Corp.*, 2008 WL 5423859 (C.D. Cal. Dec. 30, 2008) ................. 7
*Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2016 WL 4729302 (N.D. Cal. Sept. 12, 2016) ........................................................................ 11
*Colucci v. ZonePerfect Nutrition Co.*, 2012 WL 6737800 (N.D. Cal. Dec. 28, 2012) ................................................................................. 11
*Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332 (S.D. Cal. June 11, 2012) ................................................................. 8
*Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2011 U.S. Dist. LEXIS 147489 (N.D. Cal. Dec. 22, 2011) ....................................................... 8
*Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304 (9th Cir. 1977) .......................... 7
*Erikson v. Pardus*, 551 U.S. 89 (2007) .................................................................. 4
*Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155 (C.D. Cal. 2012) .......... 11, 13
*Gillibeau v. City of Richmond*, 417 F.2d 426 (9th Cir. 1969) .................................. 7
*Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91 (1978) ........................ 10
*Gratz v. Bollinger*, 539 U.S. 244 (2003) ............................................................ 10
*Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986) ............................. 5
*Hibbs-Rines v. Seagate Techs., LLC*, 2009 U.S. Dist. LEXIS 19283 (N.D. Cal. Mar. 2, 2009) .......................................................................... 8
*Hoey v. Sony Electronics Inc.*, 515 F.Supp.2d 1099 (2007) ................................. 7
*I.B. v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 154327 (N.D. Cal. Oct. 25, 2012) ................................................................................... 8
*Kane v. Chobani, Inc.*, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013) ............. 11
*Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225 (N.D. Cal.

2010) .......... 6
*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .......... 10
*Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232 (S.D. Cal. 2009) .......... 8
*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025 (9th Cir. 2008) .......... 5
*Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) .......... 6
*McDougal v. County of Imperial*, 942 F.2d 668 (9th Cir. 1991) .......... 5
*Medrazo v. Honda of North Hollywood*, 82 Cal.Rptr.3d 1 (2008) .......... 12
*Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861 (N.D. Cal. 2012) .......... 11
*Mills v. Foremost Ins. Co.*, 511 F.3d 1300 (11th Cir. 2008) .......... 7
*Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2011) .......... 4
*Neveu v. City of Fresno*, 392 F. Supp. 2d 1159 (E.D. Cal. 2005) .......... 5
*Philips v. Ford Motor Co.*, 2015 WL 4111448 (N.D. Cal. July 7, 2015) .......... 11
*Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011) .......... 7
*Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) .......... 12
*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530 (9th Cir. 1984) .......... 5
*Scott v. Pasadena*, 306 F.3d 646 (9th Cir. 2002) .......... 10
*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) .......... 4
*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014) .......... 12
*Thorpe v. Abbott Labs., Inc.*, 534 F.Supp.2d 1120 (N.D. Cal. 2008) .......... 6
*Valley Forge Christian College v. Americans United*, 454 U.S. 464 (1982) .......... 10
*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir.

2009) ........................................................................................................ 7
*Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) ....................................... 8
*Warth v. Seldin*, 422 U.S. 490 (1975)................................................................... 10
*Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) ........................................................................................................ 5

## STATUTES

California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et. seq.* ...........................................................................................2, 4, 6, 11
False Advertising Law, Cal. Bus. & Prof. C. § 17500 et. seq. .............4, 6, 11, 12
Unfair Competition Law, Cal. Bus. and Prof. Code §17200 *et. seq.* ........... passim

## RULES

Fed. R. Civ. P. 12(b)(6) ............................................................................ 4, 5, 8, 9
Fed. R. Civ. P. 23 ........................................................................................... 9, 10

## CONSTITUTIONAL PROVISIONS

U.S. Const. art. III ......................................................................................... 9, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Larry Maesta ("Plaintiff" or "Maesta") has been a shopper at Defendant Wal-Mart Store's Inc.'s ("Wal-Mart" or "Defendant") eponymous stores all his life and made many purchases from them. In late 2013, one of those purchases was an EverStart Maxx car battery, which came with a three (3) year replacement warranty. Despite this warranty, when Maesta visited Wal-Mart in November 2015 in an attempt to have his malfunctioning battery replaced pursuant to Wal-Mart's warranty, he was informed that because of his placement on an internal fraud database, Walmart would no longer honor its warranties with him. Maesta felt cheated and deceived, and had to purchase an entirely new battery for in excess of $100, instead of the free replacement that had been advertised and promised by Wal-Mart when he had purchased the battery. Further, Maesta's has no recourse from removing himself from this database such that Walmart will continue to refuse to honors its warranties for life, even as they continue to advertise and promise to the contrary.

This sort of practice is exactly what a Fed. R. Civ. P. 23(b)(2) injunctive relief action was made for. Wal-Mart's practice effects a large number of consumers, particularly given the sheer volume of customers Wal-Mart serves, and continues to this day, such that only an injunction will cause Wal-Mart to stop its ridiculous, illegal practice of denying consumers the rights to their advertised warranties. Despite this incriminating reality, Defendant asks this Honorable Court to assume that Plaintiff's class definition, as pled, is overbroad. It is not.

Defendant's argument hinges on only two positions, each of which are erroneous. Defendant argues that Plaintiff's FAC[1] seeks to assert: (1) putative class claims on behalf of out-of-state claimants, where Plaintiff has no standing to assert such claims; and (2) putative class claims as to products that Plaintiff did not purchase. Dkt. 10. However, first, Defendant prematurely seeks to resolve disputed

[1] Plaintiff's First Amended Complaint, Dkt. No. 8 (hereinafter "FAC").

factual issues at the early pleading stage where Plaintiff has not had the opportunity to conduct proper discovery. Further, Plaintiff's proposed request for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) is ideal for this issue as such a ruling would not prejudice consumers in other states from seeking additional remedies under their appropriate state statutes.

Secondly, Plaintiff's standing to bring claims for batteries that were advertised in the exact same way as the battery that Plaintiff purchased cannot reasonably be questioned at the pleadings stage. Only a review of the evidence at issue, at the class certification phase, can demonstrate whether Plaintiff's broadly-pled class meets the standards for class certification. Moreover, Plaintiff has pled that other related products in the same line of batteries were falsely advertised in a substantially similar manner, and that the hidden defect in the warranty effects all consumers who purchase the battery, as the warranty itself has value. Plaintiff respectfully submit that this is an ideal case for such broad application of class certification treatment, as California Courts carry a history of certifying broader classes of products in similar false advertising cases (as discussed below).

For these reasons, as set forth more fully below, the Court should deny Defendant's motion in its entirety.

## II. PROCEDURAL HISTORY

Plaintiff Larry Maestas filed his Complaint on October 31, 2016, alleging violations of the California's Unfair Competition Law, California Business and Professions Code §17200 *et. seq.* ("UCL") and its False Advertising Law ("FAL"), California Business and Professions Code §17500 *et. seq.*. Prior to commencing suit, Plaintiff sent, via certified mail, a notice of violations pursuant to the CLRA, which and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA. Dkt. No. 18 at p. 20-23. On January 13, 2017, Plaintiff filed his First Amended Complaint, adding a cause of action under the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et. seq.* ("CLRA"). Dkt. No. 18 ("FAC"). Defendant thereafter filed its

Motion to Dismiss.

## III. RELEVANT FACTUAL ALLEGATIONS FROM FAC

Defendant's recitation is mostly adequate and accurate, such that Plaintiff will only briefly recite the key pleadings.

In late 2013, Plaintiff purchased an EverStart MAXX car battery ("the Battery") from Wal-Mart in Manteca, California. FAC at ¶ 20. The Battery was advertised to and did include a three (3) year replacement warranty. *Id.* at ¶ 21. After using the Battery for two years, it malfunctioned and Plaintiff returned the Battery to Wal-Mart to request a new battery under the warranty. *Id.* at ¶¶ 22-23. At the store, Defendant informed Maesta that it would refuse to honor its warranty because he had been placed on an internal fraud database maintained by Walmart. *Id.* at ¶ 24. As a result, Plaintiff had to purchase a new battery at full price, spending $119.53. *Id.* at ¶ 27.

Maesta further saw in-store national advertisements continuing to advertise EverStart car batteries as including a three (3) or two (2) year replacement warranty. *Id.* at ¶¶ 29-30. These advertisements omit that purchasers who are reported in Defendant's internal fraud database, similar to Plaintiff, would be denied the advertised warranties. *Id.* at ¶ 31. Wal-Mart's practices have the tendency to mislead and deceive consumers into believing they are receiving the benefit of warranties on their Batteries, when in fact it has no intention of honoring such warranties if a consumer is reported on its internal fraud database. *Id.* at ¶¶ 40-45.

Plaintiff brings this action on behalf of a nationwide class of all Consumers who purchased EverStart Batteries from Wal-Mart ("the National Class"). *Id.* at ¶ 47. Plaintiff additionally seeks to represent a subclass limited to all consumers in California who purchased EverStart Batteries from Wal-Mart ("the SubClass"). Plaintiff alleges that Defendant's conduct in misrepresenting and falsely advertising its Batteries violates California's Unfair Competition Law, Cal. Bus. & Prof. C. § 17200 et. seq. ("UCL"), the False Advertising Law, Cal. Bus. & Prof. C. § 17500

et. seq. ("FAL"), and the Consumer Legal Remedies Act, Cal. Civ. C. § 1750 et. seq. ("CLRA"). *Id.* at ¶ 55.

The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendant persists and continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease their false advertising and representations with regards to the usage of its internal fraud database to deny consumers the right to their warranties. *Id.* at ¶ 73. Plaintiff is also entitled to disgorgement and restitution to Plaintiffs and all Class Members of Defendant's revenues associated with its false advertising, or such portion of those revenues as the Court may find equitable. *Id.* at ¶ 73.

## IV. LEGAL STANDARD

A Fed. R. Civ. P. 12(b)(6) motion to dismiss is properly granted where the complaint fails to assert "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "specific facts are not necessary." *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2011) (quoting *Erikson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where and how of the misconduct alleged."). Nor is the "[t]he standard at this stage...that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly,* 550 U.S. 554, 556 (2007)).

In order to survive a 12(b)(6) motion, a complaint need not state detailed factual allegations. *Id.* at 555. In deciding a 12(b)(6) motion and when considering

the legal sufficiency of a claim, courts accept factual allegations as true, drawing all reasonable inferences therefrom in the favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.,* 80 F. 3d 336, 337-38 (9th Cir. 1996). The Ninth Circuit has held that a complaint should not be dismissed under a Rule 12(b)(6) motion "unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)).[2]

Moreover, in the Ninth Circuit, the Rule 12(b)(6) motion "is viewed with disfavor and is rarely granted." *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)). Finally, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous material." Fed. R. Civ. P. 12(f). "Motions to strike are generally regarded with disfavor because of the limited important of pleading in federal practice, and because they are often used as a delaying tactic." *Cal. Dept. of Toxic Substances Control v. Alco Pacific*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

"Given their disfavored status, courts often require a showing of prejudice

---

[2] *See, e.g., Yang v. DTS Financial Group*, 570 F. Supp. 2d 1257 (S.D. Cal. 2008) (denying motion to dismiss and motion for summary judgment prior to discovery).

by the moving party before granting the requested relief." *Alco Pacific*, 217 F. Supp. 2d at 1033 (internal quotation marks and citations omitted). Motions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle for arguments pertaining to class allegations. *Thorpe v. Abbott Labs., Inc.*, 534 F.Supp.2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, * 2 (N.D. Cal. 2010).

Because Plaintiff's Complaint properly and adequately states a claim for relief for violations of the UCL, FAL and CLRA, Defendant's Motion should be denied. Further, Ninth Circuit Authority mandates that if the complaint can be amended, the Court should give leave to amend.

## V. LEGAL ARGUMENT

### A. DEFENDANT'S REJECTION OF PLAINTIFF'S NATIONWIDE CLASS CLAIMS ARE PREMATURE

Class discovery may or may not support Plaintiff's allegations that certification is appropriate on a nationwide basis (as opposed to California only),[3] but regardless, the pleadings stage is not the appropriate juncture to make such a determination. Defendant itself notes that the *Mazza v. Am. Honda Motor Co., Inc.,* 666 F.3d 581 (9th Cir. 2012) was decided at the Class Certification stage, not at a motion to dismiss. Defendant is jumping the gun.[4]

Defendant's motion to dismiss Plaintiffs' class allegations should be denied, as it prematurely seeks to resolve disputed factual issues about whether a nationwide class may be certified.[5] *See e.g., Gillibeau v. City of Richmond*, 417 F.2d 426, 432

---

[3] Plaintiff intends to present, in his certification motion, a broad class of all consumers nationwide, and a subclass of California only consumers.

[4] Notably, nothing in the CLRA, UCL or FAL require California residency for purposes of being protected by these important consumer statutes. § 17535 of the FAL confers standing on "any person" who has suffered an injury in fact and lost money or property as a result of a violation of the FAL. Section 17535 also authorizes "any person" to "pursue representative claims or relief on behalf of others" if they meet the standing requirements previously mentioned. *Id*.

[5] "Undoubtedly, addressing these arguments at a later date will require

(9th Cir. 1969). ("[C]ompliance with Rule 23 is not to be tested by a motion to dismiss for failure to state a claim . . . ."). *See also Hoey v. Sony Electronics Inc.*, 515 F.Supp.2d 1099 (2007) (upholding Plaintiff's CLRA and UCL nationwide class claims against a Defendant's Motion to Dismiss). Here, as in most class actions, "the pleadings alone will not resolve the question of class certification," and therefore "'the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977) (emphasis added)). *See also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (it is an abuse of discretion to dismiss class action if "propriety of a class action cannot be determined . . . without discovery") (citations omitted) (emphasis added).[6]

Because class allegations are almost always disputed and require ample discovery, it is "rare" for courts to dismiss class allegations "in advance of a motion for class certification." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245-46 (C.D. Cal. 2011) (collecting numerous cases rejecting motions to dismiss or strike as premature). *See Anderson v. CBE Group, Inc.*, 2011 U.S. Dist. LEXIS 42334, *7 (N.D. Cal. Apr. 18, 2011) ("The Court finds defendant's arguments about the class definitions are premature and should be resolved in connection with plaintiffs' motion for class certification. The Court will be better positioned to assess

---

additional time and expense on the part of the defendants. But the Court is reluctant to preemptively deny Plaintiff at least the opportunity to present a motion for class certification". *Cole v. Asurion Corp.*, No. CV 06-6649PSGJTLX, 2008 WL 5423859, *14 (C.D. Cal. Dec. 30, 2008).

[6] "The court should defer decision on certification pending discovery if the existing record is inadequate for resolving the relevant issues." *Vinole*, 571 F.3d at 942 (quoting *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1309 & n.14 (11th Cir. 2008)).

the validity of those objections after the parties have developed the factual record and any legal questions about the TCPA have been resolved.”).

In rejecting premature efforts to dismiss class allegations, courts have repeatedly recognized that where, as here, the factual issues critical to class certification are disputed, a court may not resolve the merits of plaintiffs’ request for certification without the benefit of a developed record.[7]

Since the Supreme Court issued *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541 (2011) courts have repeatedly denied premature requests to dismiss class allegations, recognizing that discovery is necessary to evaluate class claims. *See, e.g., Covillo v. Specialtys Café*, No. C-11-00594 DMR, 2011 U.S. Dist. LEXIS 147489, at *17-18 (N.D. Cal. Dec. 22, 2011) (denying defendants’ motion to dismiss wage and hour class claims as premature); *Chen-Oster v. Goldman, Sachs & Co.*, No. 10 Civ. 6950, 2012 U.S. Dist. LEXIS 12961, at *13-14 (S.D.N.Y. Jan. 19, 2012) (denying motion to strike class allegations as premature in Title VII gender discrimination action); *Connelly v. Hilton Grand Vacations Co.*, 2012 U.S. Dist. LEXIS 81332, *7 (S.D. Cal. June 11, 2012) (“To the extent that Hilton seeks

[7] *See generally* 7AA Wright, Miller & Kane, Federal Practice and Procedure § 1785.3 ("As a practical matter, the court's [certification] determination usually should be predicated on more than the complaint itself affords.") *See I.B. v. Facebook, Inc.*, 2012 U.S. Dist. LEXIS 154327 (N.D. Cal. Oct. 25, 2012) (denying as premature a motion to strike class allegations based on Facebook’s argument that allegations presented highly individualized facts); *Clerkin v. MyLife.com, Inc.*, 2011 U.S. Dist. LEXIS 96735 (N.D. Cal. Aug. 29, 2011) (“Rule 12(b)(6) is not the appropriate procedural vehicle to challenge class allegations. Accordingly, Defendants' Rule 12(b)(6) motion concerning Plaintiffs' class allegations is denied.”); *Cholakyan*, 796 F. Supp. 2d at 1245-46 (rejecting motion to dismiss class allegations in advance of a motion for class certification as class allegations are disputed and require ample discovery); *Hibbs-Rines v. Seagate Techs., LLC*, No. C08-0540, 2009 U.S. Dist. LEXIS 19283, at *7-8 (N.D. Cal. Mar. 2, 2009) (“Discovery is integral to developing the shape and form of a class action and granting of motions to dismiss class allegations before discovery has commenced is rare’”) (internal quotations and citations omitted); *Lyons v. Coxcom, Inc.*, 718 F. Supp. 2d 1232, 1235-36 (S.D. Cal. 2009) (denying motion to strike class allegations).

to 'resolve class claims at the pleading stage, … however, its motion is improperly brought pursuant to Federal Rule of Civil Procedure 12(b)(6).").

Defendant seeks to prejudice the Plaintiff and the putative class by denying class discovery necessary for a properly supported motion for class certification, a motion that requires Plaintiff to put forward actual evidence that the prerequisites of Rule 23 are met. To certify a class action, Plaintiff must demonstrate that all of the prerequisites of Rule 23(a) are satisfied. Cognizant of this, Defendant attempts to shift its burden to Plaintiff prior to Plaintiff's filing of a motion for class certification, thereby precluding the introduction of extrinsic evidence necessary to satisfy the prerequisites of Rule 23(a) and (b). For this and other reasons, many courts have found a motion to dismiss class allegations prior to a motion for class certification is premature.

Further, Plaintiff's proposed request for injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2) is ideal for pursuing his claims on a nationwide basis as such a ruling would not prejudice consumers in other states from seeking additional remedies under their appropriate consumer state statutes. Instead, consumers nationwide could experience relief in the form of an injunction to stop Walmart's ridiculous, illegal practice of denying consumers the rights to their advertised warranties.

Accordingly, Defendant's Motion, to the extent it seeks a Court Order limiting the scope of Plaintiff's class definition, is premature, and Plaintiff should be permitted to conduct class discovery that is necessary for his future motion for class certification.

### B. PLAINTIFF HAS STANDING TO BRING CLAIMS ON BEHALF OF ALL THOSE THAT PURCHASED FALSELY ADVERTISED BATTERIES FROM DEFENDANT

"The law of Article III standing is built on a single basic idea – the idea of separation of powers." *Allen v. Wright*, 468 U.S. 737, 752 (1984). Article III requires that a party "show he personally has suffered some actual or threatened injury." *Valley Forge Christian College v. Americans United*, 454 U.S. 464, 472

(1982). Standing is a "threshold issue in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Constitutional limits on standing eliminate claims in which plaintiff has failed to make out a case or controversy between himself and defendant, and, in order to satisfy [the] judicial article of Constitution, plaintiff must show that he personally suffered some actual or threatened injury as result of putatively illegal conduct of defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1978).

The purpose and scope of constitutional standing doctrine is narrow. Its goal is to "aid the federal judiciary to avoid intruding impermissibly upon the powers vested in the executive and legislative branches, by preventing courts from issuing advisory opinions not founded upon the facts of a controversy between truly adverse parties." *Scott v. Pasadena*, 306 F.3d 646, 654 (9th Cir. 2002). The focus of standing is on the parties' right to have the court decide the merits of the dispute. A plaintiff must also meet the "case or controversy" requirement articulated by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) and its progeny. In that landmark case, the Court held that "the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560. This requirement is applied using the three-element test set forth in *Lujan*: 1) Injury-in-fact; 2) Causation; and 3) Redressability. *Id.* at 560-561. In the instant matter, Defendant attacks Plaintiff's standing as to "Injury-in-fact" to different model batteries.

The United States Supreme Court has stated that "there is tension in [its] prior cases" regarding whether differences between the named plaintiff and class members "is a matter of Article III standing at all or whether it goes to the propriety of class certification pursuant to Federal Rule of Civil Procedure 23(a)." *Gratz v. Bollinger*, 539 U.S. 244, 263 & n.15 (2003). However, neither the United States Supreme Court nor the Ninth Circuit has directly addressed the issue of standing for products not purchased by a named plaintiff in a class action.

District courts that have dealt with the issue have reached different

conclusions. "The majority of the courts … in California reject the proposition that a plaintiff can not suffer injury in fact based on products that the plaintiff did not buy." *Coleman-Anacleto v. Samsung Elecs. Am., Inc.*, 2016 WL 4729302, at *9 (N.D. Cal. Sept. 12, 2016). Some courts reserve the question of whether plaintiffs may assert claims based on products they did not buy until ruling on a motion for class certification. *See, e.g., Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1161 (C.D. Cal. 2012); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 571 (N.D. Cal. 2013). Others "hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012) (citing cases). *See also, e.g., Colucci v. ZonePerfect Nutrition Co.*, 2012 WL 6737800, at *4 (N.D. Cal. Dec. 28, 2012); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766, at *11–13 (N.D. Cal. July 20, 2012).[8]

Generally speaking, cases involving false advertising on a company's standard advertisements are particularly ripe for FAL, UCL and CLRA application on a broad class wide basis. In these cases, as in the case at bar, there was one singular type of misrepresentation that applies in the exact same way to all the falsely advertised products, regardless of model. *See e.g. Ries v. Arizona Beverages*

[8] *See also Coleman-Anacleto*, 2016 WL 4729302 at *10; *Philips v. Ford Motor Co.*, 2015 WL 4111448, at *6 (N.D. Cal. July 7, 2015); *Bruton v. Gerber Prods. Co.*, 2014 WL 172111, at *8 (N.D. Cal. Jan. 15, 2014); *Kane v. Chobani, Inc.*, 2013 WL 5289253, at *10–11 (N.D. Cal. Sept. 19, 2013); *Brazil v. Dole Food Co.*, 2013 WL 5312418, at *7–8 (N.D. Cal. Sept. 23, 2013). As explained in these prior orders, "in asserting claims based on products a plaintiff did not purchase, but which are nevertheless substantially similar to products a plaintiff did purchase, a plaintiff is not suing over an injury she did not suffer. Rather, a plaintiff in that scenario is suing over an injury she personally suffered and asserting that others who purchased similar products suffered substantially the same injury, even if the products that caused the injury were not identical in every respect." *Bruton*, 2014 WL 172111, at *8 (citations omitted).

*USA LLC*, 287 F.R.D. 523 (N.D. Cal. 2012) (certifying a class of all purchasers of the popular Arizona Iced Tea brand beverages in a false advertising case premised on statements that the beverages were labeled "all natural"); *Medrazo v. Honda of North Hollywood*, 82 Cal.Rptr.3d 1 (2008) (certifying a class of all purchasers of motorcylces of numerous makes and models that did not have hanger tags); *Ortega v. Natural Balance, Inc.*, 300 F.R.D. 422 (C.D. Cal. 2014) (holding that typicality is met where a class representative is exposed to the same misleading packaging as the proposed class which they seek leave to represent). As the 7th Circuit noted in the case of *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 755 (7th Cir. 2014), "[t]he question whether the GSC packaging was likely to mislead a reasonable consumer is common to the claims of every class member." Stated otherwise, because all class members were exposed to the same advertisements and packaging, which contained the same allegedly misleading statements, the case was ideal for class-wide treatment.

The case of *Branca v. Nordstrom, Inc.*, Case No.: 14cv2062–MMA (JMA), 2015 WL 10436858 (S.D. Cal. Oct. 9, 2015) is directly analogous. There, plaintiffs asserted claims under the UCL and FAL against Nordstrom, alleging that Nordstrom used tags at its Rack locations with two prices on it: a "Compare At" price and below that the "Actual Price" – the latter a steep discount on the former. *Id*. at *1-2. Plaintiff alleged that the Compare At price misled him and other reasonable consumers to believe that it was the price for the item at Nordstrom's mainline stores, or at least the prevailing market price in department stores. *Id*. Accordingly, he alleged that his perceived "discount" was illusory and that he was misled. *Id*. Defendant argued, among other items, that the plaintiff only had standing to represent a class of consumers who purchased the same item that he had purchased. The Court disagreed, and observed that it is often the case that a plaintiff can represent a class of consumers wider than those who could identify with respect to the exact item that plaintiff purchased. *Id*. at *3-5. The Court considered cases such as *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000 (N.D. Cal. 2012) and

*Astiana v. Dreyer's Grand Ice Cream, Inc*., Nos. C-11-2910 EMC, C-28 11-3164 EMC, 2012 WL 2990766 (N.D. Cal. July 20, 2012) – where courts found that Plaintiffs had standing with respect to items not identical, but substantially similar to the product to which plaintiff purchased (i.e. a different flavor). These cases were found to be as analogous and persuasive. *Id*. at *3-5. The Court ruled as follows:

> Looking to the alleged misrepresentations, they are essentially identical, also analogous to Jamba Juice and Astiana. The "Compare At" tags are substantially similar because the characteristics and format that Plaintiff complains of remain consistent across such tags. Accordingly, the Court finds that Plaintiff has standing to sue on behalf of purchasers of other Nordstrom Rack items with "Compare At" tags because he is challenging "the same basic mislabeling practice" across products.

*Id*. at *5. There is no legitimate reason for the case at bar to be distinguished from the *Branca* matter. Accordingly, the Honorable Court should rule the same in this matter as did the *Branaca* court.

As a starting point, the Honorable Court could (and should) reserve ruling on the issue of class representative standing until the class certification stage, as was recently done by Hon. Judge King (ret.) in the *Forcellati* matter *supra*. The pleadings are not the appropriate point to be making evidentiary determinations as to the appropriateness of a putative class action. But even if the Honorable Court disagrees, and adopts the substantially similar test, Plaintiff meets this standard as well. Plaintiff pled that everyone who purchased a battery, regardless of its variety, were "exposed to and relied on the same identical false misrepresentations as Plaintiff." FAC at ¶¶ 41-42. Plaintiff not only pled that the misrepresentations were substantially similar for other EverStart MAXX Batteries, but in fact pled that all such batteries had "the identical false misrepresentations that Defendant made on its advertisements for EverStart Maxx batteries about warranty to Plaintiff." *Id*. at ¶ 41. The current in-store advertisement even advertises this fact as applying generally to the EverStart PLUS and MAXX brands. *Id.* at ¶ 29.

With regards to Defendant's argument that the Class should be tailored to

only apply to individuals who had attempted to have their warranties honored or are on the internal fraud database, the argument is premature at this time as discovery has not been completed, and ignores the scope of Defendant's illegal actions. All consumers who purchase Batteries from Wal-Mart suffer the same loss in value to their warranty from the risk of being placed on the internal fraud database and having their warranties denied. Even more importantly, this sort of practice is exactly what a Fed. R. Civ. P. 23(b)(2) injunctive relief action was made for. Wal-Mart's practice effects a large number of consumers, particularly given the sheer volume of customers Wal-Mart serves, and continues to this day, such that only an injunction will cause Wal-Mart to stop its ridiculous, illegal practice of denying consumers the rights to their advertised warranties.

## VI. CONCLUSION

For the reasons set forth herein, the Court should deny Defendant's Motion to Dismiss and to Strike in its entirety.

Date: March 10, 2017

Respectfully submitted,

**Law Offices of Todd M. Friedman, P.C.**

By:/s/ Todd M. Friedman
Todd M. Friedman, Esq.
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

Filed electronically on this 10th day of March, 2017, with:

United States District Court CM/ECF system.

Notification sent electronically on this 10th day of March, 2017, to:

Honorable Judge Kimberly J. Mueller
United States District Court
Eastern District of California

And all Counsel of Record as recorded on the Electronic Service List.

s/Todd M. Friedman
Todd M. Friedman