LTL ATTORNEYS LLP
James M. Lee (SBN 192301)
james.lee@ltlattorneys.com
Eugene Hahm (SBN 167596)
eugene.hahm@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, California 90071
Tel.: 213-612-8900 / Fax: 213-612-3773

Attorneys for Defendant
WAL-MART STORES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARRY MAESTAS,

Plaintiff,

v.

WAL-MART STORES, INC.,

Defendant.

CASE NO.: 2:16−CV−02597−KJM−KJN

**DEFENDANT WAL-MART STORES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, STRIKE CLASS ALLEGATIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: March 24, 2017
Time: 10:00 a.m.
Judge: Kimberly J. Mueller
Courtroom: 3, 15th Floor

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Larry Maestas's ("Plaintiff") Opposition fails to squarely address the arguments set forth in Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") motion to dismiss or, alternatively, motion to strike—that Plaintiff cannot maintain a nationwide class seeking relief for alleged violations of California consumer protection statutes and that his proposed definition for class membership is impermissibly overbroad.

Rather than distinguish the Ninth Circuit's controlling decision in *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012) or conduct the requisite choice of law analysis, Plaintiff instead argues that any dispute concerning class allegations must be deferred until class certification. This argument, however, simply ignores the ample authority cited in Wal-Mart's opening motion demonstrating that numerous courts in the Ninth Circuit routinely conduct *Mazza* analyses at the pleadings stage and have granted motions to dismiss/strike on that basis. Here, the choice-of-law issues contemplated by *Mazza* are readily discernible from the face of Plaintiff's First Amended Complaint ("FAC"), and no discovery is necessary to confirm the material differences that exist between the consumer protection statutes of California and of other states.

With respect to the alternative motion to strike the class allegations, Plaintiff curiously argues that he has standing to assert claims as to products that Plaintiff did not purchase. But Wal-Mart is not challenging the scope of the purported Class Products, the EverStart Maxx automobile battery. Rather, Wal-Mart's motion to strike is directed at Plaintiff's proposed definition of the *Class Members*, i.e., *all* consumer who purchased an EverStart Maxx battery. As pleaded, Plaintiff's proposed class is impermissibly overbroad and could <u>never</u> be certified because it would include putative members who were neither misled nor injured by any alleged false advertising.

In short, Plaintiff's claims for relief based on the overly broad nationwide class allegations are ripe for dismissal; it is evident that Plaintiff's proposed nationwide class action cannot survive the analysis required by *Mazza*, and numerous courts have addressed the propriety of adjudicating nationwide class claims at the pleading stage based on *Mazza* arguments. For those reasons (and others stated herein), Plaintiff's FAC should be dismissed or, in the alternative, the class allegations set forth in the FAC should be stricken.

## I. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED UNDER *MAZZA*'S CHOICE-OF-LAW ANALYSIS.

### A. This Court Should Conduct *Mazza*'s Choice of Law Analysis on a Motion to Dismiss.

Wal-Mart's opening motion comprehensively discussed the Ninth Circuit's opinion in *Mazza*, fully explaining that the application of California consumer protection statutes to a putative nationwide class requires a three-step choice of law analysis and that Plaintiff could not satisfy that test. (Dkt. No. 10 ("Mot."), pp. 6-9.) But outside of highlighting that *Mazza* was decided at the class certification stage (Dkt. No. 12 ("Pl. Opp."), p. 6), Plaintiff fails to address any of Wal-Mart's substantive arguments that *Mazza* compels dismissal of the FAC. Plaintiff's silence speaks volumes; it is indisputable that attempting to certify a nationwide class based only on alleged violations of California consumer protection laws is directly contrary to the holding in *Mazza*. This Court should construe Plaintiff's failure to address Wal-Mart's substantive arguments as a concession or waiver to the merits of Wal-Mart's motion to dismiss. *See, e.g.*, *JustMed, Inc. v. Byce*, 580 Fed.Appx. 566, 567 (9th Cir. 2014) ("Because [Defendant] did not properly raise this argument before the district court . . . the argument is waived."); *U.S. v. George*, 291 Fed. App'x. 803, 805 (9th Cir. 2008) (holding party's "failure to adequately develop these arguments in his brief operates as a waiver"); *Goodfellow v. Ahren*, No. 13–04726 RS, 2014 WL 1248238, at *7 (N.D. Cal.

Mar. 26, 2014) (dismissing several claims because "it is entirely within the court's discretion to treat unopposed arguments as being conceded"); *accord Evans v. Holder*, 618 F.Supp. 2d 1, 13 (D.D.C. 2009) ("Where . . . a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (internal quotation marks and citation omitted)).

Rather than address *Mazza*, Plaintiff relies primarily on boilerplate legal arguments and string citations[1] for the proposition that Wal-Mart's challenge to the nationwide class claims is premature. (Pl. Opp., pp. 6-9.) Plaintiff's arguments are without merit.

As noted in Wal-Mart's moving papers, although *Mazza* itself was "decided at class certification, 'the principle articulated in *Mazza* applies generally and is instructive even when addressing a motion to dismiss.'" (Mot., pp. 4-5 (citing *Frezza v. Google, Inc.*, No. 12-CV-00237-RMW, 2013 WL 1736788 at *6 (N.D. Cal. Apr. 22, 2013).) The rationale for considering *Mazza* arguments at the pleadings stage, rather than at class certification, is simple. "Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claims. Thus, courts in this Circuit have struck class allegations where it is clear from the pleadings that a class could not be certified." *Glenn v. Hyundai Motor Am.*, No. SA CV 15-2052-DOC (KESx), 2016 WL 3621280 at *4 and 10, n.9 (C.D. Cal., June 24, 2016) (*dismissing with prejudice* nationwide UCL and CLRA class claims

---

[1] Plaintiff cites to a string of cases to contend that it is "rare" for courts to dismiss class allegations. (Pl. Opp., pp. 6-9.) Plaintiff, however, fails to include any Ninth Circuit authority post-*Mazza* and even cites authority with an inaccurate holding. (*Id.* at p. 7 (citing *Hoey v. Sony Elecs. Inc.* and claiming that the court upheld the plaintiff's CLRA and UCL nationwide class)); *cf. Hoey v. Sony Elecs. Inc.*, 515 F.Supp. 2d 1099, 1106 (N.D. Cal. 2007) (dismissing plaintiffs' nationwide class claims for UCL and CLRA).

because "the other forty-nine states have an interest in applying their laws, and those interests outweigh California's interest in this case").

Indeed, numerous district courts within the Ninth Circuit have considered the analysis in *Mazza* in dismissing or striking nationwide class actions at the pleading stage where plaintiffs have improperly sought to apply California laws to conduct occurring in other states. *See, e.g., Frezza*, 2013 WL 1736788 at *6 (applying *Mazza* at a motion to dismiss stage); *Frenzel v. Aliphcom*, 2014 U.S. Dist. LEXIS 177880, at *12-20 (N.D. Cal. Dec. 29, 2014) (same); *Route v. Mead Johnson Nutrition Co.*, 2013 U.S. Dist. LEXIS 35069, at *22-27 (C.D. Cal. Feb. 21, 2013) (same); *In re Sony Gaming Networks & Customer Data Sec. Breach Litig*., 903 F. Supp. 2d 942, 965 (S.D. Cal. 2012)(same); *Granfield v. NVIDIA Corp.*, No. 11-cv-05403-JW, 2012 WL 2847575, at *3 (N.D. Cal. July 11, 2012) (same).

This case is no different; the choice of law analysis required by *Mazza* is readily apparent from the face of the FAC, and, contrary to Plaintiff's contentions, Wal-Mart's challenges to the nationwide class claims are not premature.

### B. Under *Mazza*, Plaintiff's Nationwide Class Claims Should be Dismissed.

Plaintiff seeks to represent a class of "**[a]ll** consumers, who, between the applicable statute of limitations and the present, purchased Defendant's Class Products," not just California residents or those who purchased their EverStart batteries in California. (FAC, ¶ 47-48 (emphasis added).) As presently pleaded, Plaintiff's class allegations are virtually indistinguishable in all relevant respects from those in *Mazza*. Both sets of plaintiffs, in this case and *Mazza*, seek relief under the same laws—the FAL, CLRA and UCL. Thus, just as in *Mazza*, this nationwide class cannot be maintained because (1) there are material differences between the consumer protection laws of the various states (analyzed in Wal-Mart's Motion to Dismiss (Mot., pp. 6-8)); (2) states have a strong interest in

applying their own laws to transactions within their own states (Mot., pp. 8-9); and (3) California's interest in applying the FAL, CLRA, and UCL to foreign residents is attenuated. Wal-Mart addressed these choice of law issues and demonstrated that Plaintiff's class action cannot be maintained as a nationwide class. (Mot., pp. 6-9.) As noted above, Plaintiff does not contest Wal-Mart's *Mazza* analysis, nor does he offer any independent governmental interest analysis of his own to buttress his efforts to apply California law to the non-California class members.[2] (*See generally* Pl. Opp.)

The Central District's decision in *Davison v. Kia Motors Am., Inc.*, No. SACV 15–00239–CJC (RNBx), 2015 WL 3970502 (C.D. Cal. June 29, 2015), reflects the trend of courts in the Ninth Circuit to address *Mazza* arguments at the pleadings stage and is on point. In *Davison*, the plaintiff filed a putative nationwide class action seeking relief under the UCL and CLRA, claiming that Kia Motors failed to disclose certain door-locking defects in an Optima automobile model. Kia moved to dismiss based on *Mazza*. In granting the motion, the District Court noted that the nationwide class claims necessarily involved a choice of law analysis to be conducted at the pleadings stage: "However, by virtue of bringing a nationwide class action, Plaintiff's claim encompasses class members who reside and have purchased their vehicles outside of California. California's interest in applying its law with respect to those members is much more attenuated." *Id.* at

---

[2] Instead, Plaintiff asserts that he can pursue a nationwide claim because he is also seeking injunctive relief pursuant to Fed. R. Civ. P. 23(b)(2). Pl. Opp., p. 9. This assertion, however, is irrelevant to the *Mazza* analysis. Simply because injunctive relief is afforded under California's consumer protection statutes does not mean that the Plaintiff would be entitled to the same equitable relief under the laws of other states. Plaintiff does not explain, for example, why a Massachusetts consumer could be entitled to equitable relief under the UCL, FAL, or CLRA. Indeed, those consumer protection states presumptively should not be given extraterritorial effect. *Oxina v. Lands' End, Inc.*, No. 14-cv-2577-MMA(NLS), 2015 WL 4272058 at *10 (S.D. Cal June 19, 2015).

*3. The Court further concluded:

> [E]very state would be impaired in its ability to protect the consumers within its borders if California law were applied to all claims of the nationwide class. Under the government interest test, each putative class member's claims here must be governed by and decided under the law of the state in which the injury took place.

*Id.* Accordingly, the Court *dismissed* plaintiff's nationwide UCL and CLRA class claims *with prejudice*. *Id.*

This Court should adopt the same reasoning as that set forth in *Davison*—dismissal of the nationwide claims with prejudice.

### C. It would be Prejudicial to Wal-Mart to Defer the *Mazza* Analysis until Class Certification.

Plaintiff also contends that analyzing his class allegations is premature because it "seeks to resolve disputed factual issues." (Pl. Opp., p. 6-8 (asserting that "ample discovery" is "necessary to evaluate class claims").) However, Plaintiff fails to provide any reasons as to how further development of the factual record will likely impact the choice of law determination.[3] As noted above, many district courts in this Circuit already have conducted the *Mazza* analysis at the pleadings stage without the necessity of having the parties conduct discovery. As

---

[3] Plaintiff also provides no potential facts that will address the fundamental differences in applying California consumer law to a nationwide class. This is unsurprising because a choice of law determination is a *legal*, not factual, question. And this legal question is certainly appropriate for resolution now, irrespective of whether any class discovery has occurred. *See e.g.*, *Labou v. Cellco P'ship*, No. 2:13–cv–00844–MCE–EFB, 2014 WL 824225, at *4 (E.D. Cal. Mar. 3, 2014) (denying class certification without permitting class discovery because "[n]o amount of discovery can erase the plain distinctions between Plaintiff" and the other class members); *accord Davison*, 2015 WL 3970502, at *4 n.3 ("Contrary to Plaintiff's contentions, many courts have decided against deferring the choice of law decision until discovery or class certification where, as here, the material differences are sufficiently obvious from the pleadings.").

such, despite Plaintiff's assertion that "a court may not resolve the merits of plaintiffs' request for [class] certification" (Pl. Opp., p. 8), it is entirely appropriate for this Court to address Wal-Mart's *Mazza* analysis at the pleading stage.

By contrast, if the *Mazza* analysis is deferred until class certification, Wal-Mart would be required to undertake the unnecessary expense of conducting discovery for a putative nationwide class that can <u>never</u> be certified. This would present undue expense and prejudice to Wal-Mart, which should be avoided through this pleadings motion.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT THE MOTION TO STRIKE THE CLASS ALLEGATIONS

Wal-Mart's alternative Rule 12(f) request is clear—Plaintiff's class allegations (nationwide and California sub-class) should be stricken because the requested class definitions are impermissibly overbroad by including non-California residents and consumers who simply would never have standing to join the class. (Mot., pp. 9-11.)

In addressing Wal-Mart's motion to strike, however, Plaintiff focuses on a separate issue: whether Plaintiff has standing to represent class members who may have purchased dissimilar class products. (Pl. Opp., pp. 9-14 ("Defendant attacks Plaintiff's standing as to "[I]njury-in-fact" to different model batteries.").)[4] To be clear, Wal-Mart has yet to challenge Plaintiff's definition of the Class Products, *i.e.*, EverStart Maxx battery. Rather, it is the over inclusive definition of the proposed Class Members—"**[a]ll** consumers" who bought an EverStart Maxx battery—that is Wal-Mart's point of contention. (*Cf.* FAC, ¶ 47-48 (emphasis added).)

---

[4] Plaintiff attempts to analogize *Branca v. Nordstrom, Inc.*, No. 14CV2062-MMA (JMA), 2015 WL 10436858 (S.D. Cal. Oct. 9, 2015). (Pl. Opp., pp. 12-13.) That decision focuses on non-purchased class products—which is not at issue here.

Plaintiff provides no response to Wal-Mart's arguments.[5] At best, Plaintiff asserts that the class definition is not overbroad because every purchaser of an EverStart Maxx Battery theoretically could be placed on an internal data base: "[a]ll consumers who purchase Batteries from Wal-Mart suffer the same loss in value to their warranty *from the risk of being* placed on the internal fraud database and having their warranties denied." (Pl. Opp., p. 14) (emphasis added). This assertion is without merit inasmuch as it is based on speculative, not actual, injury to putative class members.

As mentioned in Wal-Mart's opening brief, this Court can strike class allegations when it is clear that a class, as proposed, cannot be certified. Under the FAC, the proposed class improperly includes class members who (a) never experienced any malfunction of their EverStart Maxx battery; (b) never attempted to invoke the battery warranty; (c) never appeared on any internal fraud database; (d) did not rely on the warranty in making their decision to purchase; and (e) were never denied any replacement battery under the company warranty (and therefore suffered no injury). Because there is no way of determining whether the vast majority of class members have been harmed or otherwise lack standing in seeking injunctive relief, Plaintiff's class allegations should be struck. *See, e.g.*, *Wolph v. Acer Am. Corp.*, 272 F.R.D. 477, 482-83 (N.D. Cal. 2011) (class definition overbroad where the proposed class included persons who had already received a remedy and were not damaged); *Mateo v. M/S Kiso*, 805 F.Supp. 761, 773 (N.D. Cal. 1991) (class definition was "so broad as to be un-ascertainable, and, on that basis alone, uncertifiable").

## III. CONCLUSION

Numerous courts in the Ninth Circuit have granted motions to dismiss

---

[5] Indeed, this is another example in which the Court should treat Plaintiff's failure to address Wal-Mart's substantive arguments as a concession or waiver to Wal-Mart's motion. (*See*, *supra*, Sect.I.A.)

putative nationwide class actions seeking relief under the FAL, UCL, and CLRA, based on the principles espoused in *Mazza*.  Plaintiff has not demonstrated that it can maintain its nationwide class claims sought in the FAC.  Wal-Mart respectfully requests that the Court grant its motion to dismiss the nationwide class claims of the FAC, or in the alternative, its motion to strike Plaintiff's class allegations.

DATED:  March 17, 2017                                        LTL ATTORNEYS LLP

By: *_/s/ Eugene Hahm_*
Eugene Hahm
Attorneys for Defendant
Wal-Mart Stores, Inc.