UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY MAESTAS,<br><br>        Plaintiff,<br><br>    v.<br><br>WAL-MART STORES, INC.,<br><br>        Defendant. | No. 2:16-cv-02597-KJM-KJN<br><br><br><br>ORDER |

This case involves plaintiff's purchase from Wal-Mart of a car battery that purportedly came with a replacement and refund warranty. When the battery malfunctioned and plaintiff tried to return it, Wal-Mart refused to give plaintiff a replacement or refund because his name appeared on an internal fraud database. Because plaintiff was not warned before buying the battery that he was ineligible for the promised warranty and refund, he now sues Wal-Mart for violating California's consumer protection laws. Plaintiff proposes bringing his claims on behalf of two classes of California consumers whose names also appear in Wal-Mart's fraud database. Wal-Mart's motion to dismiss one of plaintiff's claims and to strike both proposed class allegations is before the court. Mot., ECF No. 31. Plaintiff opposes. ECF No. 32. Wal-Mart filed a reply. ECF No. 33. The motion was submitted without a hearing in September 2017. ECF No. 34. As explained below, the court DENIES Wal-Mart's motion.

I. BACKGROUND

Plaintiff purchased his EverStart Maxx car battery ("Battery") from a California Wal-Mart store in late 2013. Third Am. Compl. ("TAC"), ECF No. 27, ¶ 22. Although the Battery came with a three-year replacement warranty and the option of a "core deposit" refund, Wal-Mart refused to honor either benefit because plaintiff's name appeared in an internal fraud database. *Id.* ¶¶ 23-25, 36-37. Plaintiff was included on this fraud list based on allegations that he tried to use a bad check at a Colorado Wal-Mart store in 2000, thirteen years before he bought the Battery. *Id.* ¶ 27. When plaintiff attempted to obtain his refund or replacement, a Wal-Mart employee told him the store's rules barring him from obtaining refunds or warranties apply not just to the Battery, but to "any" Wal-Mart products plaintiff buys while his name remains on the fraud list. *Id.* ¶ 38. Wal-Mart never warned plaintiff before he bought the Battery that he was ineligible for advertised refunds and warranties. *Id.* ¶¶ 33, 39.

Plaintiff makes four claims, alleging violations of California's False Advertising Law, Unfair Competition Law, and Consumer Legal Remedies Act. *Id.* ¶¶ 74-119. Plaintiff asserts his claims on behalf of two proposed consumer classes: A "Refund Class" which consists of all consumers who purchased a Wal-Mart product in California and were on Wal-Mart's internal fraud database, *id.* ¶ 59; and a narrower "Warranty Class," which mirrors the Refund Class but is limited to include only those who purchased EverStart Maxx car batteries. *Id.* ¶ 58. Wal-Mart seeks to dismiss plaintiff's third claim, an unlawful competition claim pled on behalf of the Refund Class, and seeks to strike both class allegations.

II. MOTION TO DISMISS

A. Legal Standards

Wal-Mart moves to dismiss plaintiff's unlawful competition claim as pled on behalf of the Refund Class, arguing (1) plaintiff has not sufficiently shown Wal-Mart's refund and return policies are unfair or fraudulent, and (2) plaintiff lacks standing to represent the class. Mot. at 12-14.

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a motion to dismiss, the court accepts well-pled

factual allegations as true and construes the complaint in plaintiff's favor to assess if he is entitled to relief. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Because plaintiff's claim here contains a mix of allegations, some of which sound in fraud, the dismissal analysis involves two standards. Allegations that do not pertain to fraud need only satisfy Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the pleading need not include "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "sufficient factual matter" must make the claim at least plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory or formulaic recitations of elements do not alone suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

For allegations sounding in fraud, however, Rule 9(b) imposes a heightened pleading standard that requires a party to "state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). A party alleging fraud must "set forth more than the neutral facts necessary to identify the transaction." *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*. The circumstances constituting the alleged fraud must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and quotation marks omitted). Stated differently, "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

As explained below, plaintiff has satisfied both Rule 8 and Rule 9.

B.   ANALYSIS

1.   Unfair Practice

To the extent plaintiff's third claim derives from an allegedly unfair business practice, Rule 8(a) governs and plaintiff has pled sufficient details to withstand dismissal.

A plaintiff alleging an unfair business practice need only state "with reasonable particularity" the facts supporting the claim. *Khoury v. Maly's of Cal, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Plaintiff must, at minimum, explain how the alleged unlawful business act or

conduct is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *S. Bay Chevrolet v. Gen. Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886-87 (1999) (citation omitted). The applicable test asks whether "the consumer injury is substantial, is not outweighed by any countervailing benefits to consumers or to competition, and is not an injury the consumers themselves could reasonably have avoided." *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 839 (2006), *as modified* (Nov. 8, 2006); *see also Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104 (N.D. Cal. 2017) (noting different test applies to claims brought by competitors, not consumers).

Here, plaintiff has sufficiently made out a claim based on an unfair business practice. Plaintiff clearly identifies the practice at issue: Consumers listed on Wal-Mart's fraud database purchase Wal-Mart products in reliance on express replacement and refund warranties without any warning that the policies do not apply to them, then Wal-Mart refuses to honor the agreements when the consumers try to return malfunctioning products within the warranty period. *See* TAC ¶¶ 23-27, 33, 37-39, 41-42. Plaintiff alleges the practice injures consumers by enticing them to purchase products they may otherwise reject, by falsely promising replacements or refunds. *Id.* ¶¶ 41-42, 46, 109. He alleges this practice of profiting from false promises does not benefit consumers, and is designed purely to benefit Wal-Mart. *Id.* ¶ 108. Plaintiff also explains that consumers cannot reasonably discover and avoid the injury because at the time of a purchase only Wal-Mart is privy to the information that renders its action a misstatement or omission, and only Wal-Mart is privy to the names included in the fraud database. *Id.*

In short, plaintiff has alleged an unfair business practice "with reasonable particularity" sufficient to withstand dismissal. *See Khoury*, 14 Cal. App. 4th at 619. Whether the identified practice is actually unfair is a "question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be [decided at pleading]." *Linear Tech. Corp. v. Applied Materials, Inc.*, 152 Cal. App. 4th 115, 134-35 (2007) (quoting *McKell v. Wash. Mutual, Inc.*, 142 Cal. App. 4th 1457, 1472 (2006)).

Wal-Mart's motion to dismiss plaintiff's unfair competition allegations from the third claim is DENIED.

### 2. Fraudulent Prong

To the extent plaintiff's third claim derives from an allegedly fraudulent business practice, Rule 9(b)'s heightened pleading standard applies, but plaintiff nonetheless meets it. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (explaining Rule 9(b) applies to claims brought under the "fraudulent" prong of California's unlawful competition law).

The test for fraud as contemplated by California Business and Professions Code section 17200 is whether the public is likely to be deceived. *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (explaining plaintiff must ultimately show "members of the public are likely to be deceived") (citations omitted). California courts "have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision [at pleading]." *Id.* (citations omitted). Although allegations of actual deception, reliance or damage are not required, Rule 9(b)'s particularity requirement mandates pleading "the 'who, what, when, where, and how" of the alleged misstatements. *Vess*, 317 F.3d at 1106 (quoting *Cooper*, 137 F.3d at 627). Stated differently, the plaintiff must identify what particular statements were false or misleading, how they were misleading, when and where they were made, and by whom. *In re GlenFed*, 42 F.3d at 1548 n.7.

Plaintiff has pled his fraud-based claim with sufficient particularity. He highlights what specific misrepresentations and omissions allegedly deceived him. He alleges he purchased the Battery in late 2013 in reliance on express warranties, and that his ineligibility for these warranties was omitted from all receipts and contracts, yet when he tried to return the defective in-warranty product on November 26, 2015, Wal-Mart refused to honor either agreement. TAC ¶¶ 36-39. The misrepresentation at the time of purchase and accompanying omission enticed him to buy the Battery when he otherwise would not have. *Id.* ¶¶ 41-44. Plaintiff further alleges that on November 26, 2015, a Wal-Mart employee told him his ineligibility was not limited to the benefits associated with purchase of the Battery; in addition, Wal-Mart would not accept returns or offer him refunds for "any products" purchased at Wal-Mart for as long as he remained in the fraud database. *Id.* ¶ 38. This information too was deceptively omitted from all receipts or purchase agreements. *Id.* ¶ 39. Plaintiff alleges he reasonably relied on the misrepresentations as

to the warranty and refund policies and these misrepresentations would deceive a reasonable consumer.  *Id.* ¶¶ 41-44, 45, 47.

In sum, plaintiff has pled all required elements for a fraud-based unlawful competition claim and has included the "who, what, when where and how" Rule 9(b) requires: Wal-Mart (who) misrepresented that products came with a return or refund policy (what), on its contracts and receipts (where), when plaintiff tried to get a Battery refund in November 2015 and up until now (when), and Wal-Mart denied plaintiff's right to the promised refund or replacement despite these representations because he appeared in the fraud database (how).  Plaintiff has thus included allegations "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Bly–Magee*, 236 F.3d at 1019 (citation and quotation marks omitted).

Wal-Mart's motion to dismiss plaintiff's fraudulent-practice allegations in the third claim is DENIED.

3. <u>Standing</u>

Wal-Mart contends even if the third claim is sufficiently pled, the court should dismiss it because plaintiff lacks standing to bring claims on behalf of the Refund Class.  Mot. at 14.  Specifically, Wal-Mart contends that because the proposed Refund Class includes consumers who bought products other than the Battery plaintiff purchased, plaintiff has not suffered an injury similar enough to his proposed class members to confer class standing.  *Id*.

The court disagrees.  Plaintiff alleges a Wal-Mart employee told him that based on his inclusion in the fraud database, Wal-Mart would deny him a refund or the ability to return "any" Wal-Mart products he buys.  FAC ¶ 38.  Even if Wal-Mart's return and refund policy varies across product lines, the injury as pled is sufficiently uniform across class members to confer standing: All class members were allegedly exposed to a uniform policy that no matter what product they buy, Wal-Mart will not honor its Warranty or Refund guarantees because their names are included in an internal fraud database.  Plaintiff's alleged injury is sufficiently similar to those of other consumers within the Refund Class to confer class standing at this early stage. *Cf. Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 571 (N.D. Cal. 2013) (declining to decide

6

"at the pleading stage that a plaintiff cannot represent a class who purchased any different products than the plaintiff"; reserving question for class certification stage); *Cardenas v. NBTY, Inc.*, 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012) (determining plaintiff had standing to bring UCL claims based on products she did not buy; reserving class-wide analysis for certification stage).

Wal-Mart's motion to dismiss is DENIED in full.

III. MOTION TO STRIKE CLASS ALLEGATIONS

A. Legal Standard

Wal-Mart also moves to strike plaintiff's class allegations under Rule 12(f). Rule 12(f), which permits a court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous material" is designed to avoid spending time and money litigating "spurious issues" by dispensing with those issues early in litigation. *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (citations omitted); *see also* Fed. R. Civ. P. 12(f). Motions to strike generally are "regarded with disfavor[.]" *Cal. Dept. of Toxic Substances Control v. Alco Pac.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citations omitted); *see also Neveu v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (motions to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.") (citation and quotation marks omitted).

Because the class certification stage is the more appropriate time to strike a class allegation, motions to strike class allegations during the pleading stage are particularly disfavored. *Thorpe v. Abbott Labs., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *Kazemi v. Payless Shoesource Inc.*, No. C 09-5142 MHP, 2010 WL 963225, *2 (N.D. Cal. Mar. 16, 2010). The Ninth Circuit has warned "the pleadings alone will not resolve the question of class certification," and that "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citation and quotation marks omitted); *see also Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1094 n.5 (9th Cir. 2011) (holding a court abuses its discretion by dismissing a class action if the

"propriety of a class action cannot be determined . . . without discovery") (citations and quotation marks omitted).

   B.   Analysis

Plaintiff's class allegations are well-defined enough to proceed beyond the pleading stage and are not so "redundant, immaterial, impertinent, or scandalous" as to warrant striking before class certification proceedings. Unlike the nationwide class plaintiff initially proposed, *see* First Am. Compl., ECF No. 8, ¶¶ 47-48, his current proposed classes are geographically restricted to California, and are further restricted to only those California consumers whose names appear on a list of consumers that purportedly tried to defraud Wal-Mart. *See* TAC ¶ 58 (defining Warranty Class); *id.* ¶ 59 (defining Refund Class). Wal-Mart's contention that plaintiff's proposed class definitions are overbroad because they include consumers that never relied on a warranty, never invoked one and were never denied one, are all premature. Wal-Mart may raise these arguments at the class certification stage. *See John v. Mazo*, No. 2:16-CV-00239-APG-PAL, 2016 WL 4497755, at *2 (D. Nev. Aug. 25, 2016) (deciding the same); *see also Slovin v. Sunrun, Inc.*, No. 15-CV-05340 YGR, 2016 WL 5930631, at *2 (N.D. Cal. Oct. 12, 2016) (same); *In re Wal–Mart Stores, Inc. Wage and Hour Litig.*, 505 F. Supp. 2d 609, 615-16 (N.D. Cal. 2007) (same; explaining motion to strike class allegations is premature where no motion for class certification was yet filed). At this stage, plaintiff has satisfactorily outlined concerns common to all class members, and discovery remains open several more months during which evidence can be developed that may impact class certification proceedings. Order, ECF No. 26 (listing discovery cut-off as November 23, 2018).

The court DENIES Wal-Mart's motion to strike the class allegations.

IV.   CONCLUSION

Wal-Mart's motion is DENIED in full. This order resolves ECF No. 31. Wal-Mart shall file its answer within fourteen (14) days.

IT IS SO ORDERED.

DATED: March 28, 2018.

_____
UNITED STATES DISTRICT JUDGE